U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 2 2016

TONY R. MOORE, CLERK
BY_____
       DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CHARLES ANTHONY WATSON** (#07514-030) | **DOCKET NO. 15-CV-2582; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **OFFICER DUNN, ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Charles Anthony Watson filed the instant civil rights complaint *in forma pauperis* and pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Plaintiff complains that Defendant Officer Dunn violated his rights under the Eighth Amendment to the United States Constitution when Officer Dunn spit on Plaintiff's head. He also complains that the BOP denied his administrative grievance.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleged that, on September 12, 2015, he walked under

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

a grated stairwell of his housing unit when Officer Dunn spit tobacco down from the landing. The saliva landed on Plaintiff. When Plaintiff looked up, he saw Officer Dunn "with a smirk on his face, trying to prevent himself from laughing." (Doc. 1, p.2). Officer Manuel asked Officer Dunn if he had just spit down from the landing. Officer Dunn responded affirmatively, and Manuel told him to stop. (Doc. 1, p.2). Plaintiff wiped the saliva from his head and proceeded to the showers. Plaintiff confronted Officer Dunn, who said that he did not mean to spit on Plaintiff. (Doc. 1, p.2).

Plaintiff filed an administrative grievance, which was denied. Plaintiff claims that the BOP is liable for failing to enforce federal statutes and regulations and failing to resolve Officer Dunn's alleged misconduct through the grievance process.

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

2

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

## 1. Eighth Amendment

Plaintiff claims that Officer Dunn violated his rights secured by the Eighth Amendment to the United States Constitution. The settled rule is that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In the context of an allegation of the use of excessive force by a prison official, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See id. at 7. In determining whether the use of force by a prison guard was wanton and unnecessary, the court considers, among other things, the extent of the injury suffered. Id.

The Supreme Court has recognized that the Eighth Amendment includes an objective component. That is, in considering a prisoner's claim, the Court must ask if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See id. at 8. Not every malevolent touch by a prison guard gives rise to a federal cause of action. See id. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition the de minimis uses of physical

force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (quoting Whitley, 475 U.S. at 327).

In this case, the alleged wrongdoing - spitting one time on Plaintiff - even if intentional, was not harmful enough to establish a constitutional violation. See McBride v. Ausbie, No. 3:14-CV-317-M, 2014 WL 5032720, at *3 (N.D. Tex. Oct. 8, 2014)(an officer's allegedly once spitting on a prisoner does not amount to a constitutional violation, nor does verbal threats, name calling, and threatening gestures by prison guards)(citing Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002); Robertson v. Piano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995); Harrington v. Rush, No. 1:09-CV-009, 2009 WL 1616010, at *2 (E.D.Ark. June 9, 2009)). Plaintiff received no physical injury from the alleged "spit assault." Thus, he has not alleged that he suffered an injury that was more than de minimis. See, e.g., Jackson v. Culbertson, 984 F.2d 699, 700 (5th Cir. 1993)(excessive force claim for spraying with a fire hose frivolous where prisoner suffered no injury); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear which required no medical care and healed in a few days would not support civil rights claim for excessive force); accord, Knight v. Caldwell, 970 F.2d 522, 523 (5th Cir. 1992). Plaintiff has failed to state a claim of an Eighth Amendment violation by Officer Dunn.

**2.   Bureau of Prisons as a Defendant**

Next, Plaintiff names the BOP as a defendant. He complains that the BOP wrongfully denied Plaintiff's grievance and/or failed to resolve the wrong committed by Officer Dunn. Plaintiff's claim against the BOP is barred by the doctrine of sovereign immunity. While plaintiff may bring a <u>Bivens</u> action against individual federal officials for alleged constitutional violations, he may not bring such an action against the United States or its agencies. Such claims are barred by the doctrine of sovereign immunity. <u>See</u> <u>Gibson v. Federal Bureau of Prisons</u>, 121 F. App'x. 549, 551 (5th Cir. 2004). The United States has not waived sovereign immunity in a <u>Bivens</u> suit for monetary damages or injunctive relief. <u>See</u> <u>Oladipupo v. Austin</u>, 104 F. Supp. 2d 623, 624-625 (W.D. La. 2000); <u>see also</u>; <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, 486 (1984)(noting that <u>Bivens</u> applies to individual agents, not agencies).

Moreover, even if Plaintiff had raised his "administrative grievance" claim against a defendant that is not immune from suit, the claim would fail. Plaintiff does not have a federally protected liberty interest in having his grievances investigated or resolved to his satisfaction. <u>See</u> <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005)(prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure

to investigate prisoner grievances is indisputably meritless); see also Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 138 (1977) (Burger,C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); Beall v. Johnson, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. Dec. 12, 2002)(per curiam)(unpublished)(prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit); Taylor v. Cockrell, 92 F. App'x 77, 78 (5th Cir. 2004) (per curiam) (unpublished) (claims that the defendants violated constitutional rights by failing to investigate grievances fall short of establishing a federal constitutional claim); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted)(holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate claim of entitlement to a grievance procedure.").

### Conclusion

Thus, for the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

*Objections*

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 12th day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge